UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
WINSTON HILTON,  :
  :  **ORDER DENYING MOTION FOR**
 Petitioner,  :  **GRAND JURY TRANSCRIPT**
   -against-  :
  :  00 Cr. 678 (AKH)
UNITED STATES OF AMERICA,  :
  :
 Respondent.  :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

By papers dated March 21, 2007, Winston Hilton moves this Court to provide him with records of grand jury proceedings relating to his indictment for conspiracy to distribute in excess of 1000 kilograms of marijuana.  The motion is denied.

On February 15, 2002, a federal jury found Hilton guilty of conspiracy to distribute narcotics, 21 U.S.C. § 846, and I sentenced him to 120 months imprisonment.  See Judgment, Oct. 29, 2002 (document no. 211).  Hilton appealed his conviction and sentence, which the United States Court of Appeals for the Second Circuit subsequently affirmed.  See Mandate, Jan. 11, 2007 (document no. 278).

Hilton requests grand jury records in order to "prepare a collateral attack upon his conviction."  Motion for Disclosure of Transcripts of Grand Jury at 3, Mar. 21, 2007.  Federal law governing habeas corpus proceedings provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250.  Hilton has not filed a petition for a writ of habeas corpus, nor has he applied for permission to file such a petition in forma pauperis.  The motion is denied for this reason.

-1-

Even if Hilton had filed such petition, he has not shown "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Hilton asks the Court to "order disclosure of such record showing that the requisite number of grand jury voted to support a true bill in the instant case." Motion for Disclosure of Transcripts of Grand Jury at 3. But "a defect in the constitution of organization of a grand jury ... is waived if the defendant treats the indictment as sufficient, pleads not guilty, and goes to trial on the merits of the charge." In re Wilson, 140 U.S. 575, 585 (1891). Several district courts have held that the "validity or sufficiency of an indictment which has not been challenged at the trial is not subject to collateral attack by habeas corpus or under 28 U.S.C. § 2255 except under exceptional circumstances, such as where the court which tried the case had no jurisdiction." Turner v. United States, 132 F. Supp. 2d 435, 436 (D.W. Va. 2001) (quoting United States v. Lawrenson, 210 F. Supp. 422, 428 (D.C. Md. 1962)). The petition is denied for this reason, also.

The Clerk shall docket this Order, and Hilton's motion, under docket number 00 Cr. 678, to which it pertains. The Clerk shall not docket the Order or motion in docket number 02-1548(L), the number Hilton's motion bears in its caption.

SO ORDERED.

Dated:   April  25 , 2007
         New York, New York

                                          ALVIN K. HELLERSTEIN
                                          United States District Judge